IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN GARY SANDERS,

    Plaintiff,

v.                                           Case No. 1:17-cv-270-MW-GRJ

WILLIAM BECK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on ECF No. 24, Plaintiff's second amended complaint. Plaintiff, a *pro se* prisoner currently confined at Lawtey Correctional Institute, filed the pending civil rights complaint under 42 U.S.C. § 1983 against 16 sheriffs and investigators regarding an alleged multi-jurisdictional conspiracy spanning from 2012 to 2016, which involved illegal searches and seizures and many instances of police misconduct. *Id.*

    According to Plaintiff, he was assaulted and falsely arrested without probable cause on March 8, 2012, in Alachua County, Florida. The same day, officers and investigators began an investigation regarding an alleged theft. During this investigation, Plaintiff and his vehicle were illegally

searched, and his property was illegally seized. Plaintiff was then charged with armed burglary as a result of this police misconduct and further tampering with evidence and falsifying reports. ECF No. 24 at 7–14.

The next day and thereafter, the police misconduct continued. Plaintiff's vehicle was illegally seized, sworn reports and affidavits containing knowingly false and misleading information were filed, an investigation ensued regarding criminal activity in other jurisdictions such as Volusia County, Florida and Monroe County, Georgia, Plaintiff's residences were illegally searched, and Plaintiff was maliciously arrested on other charges. According to Plaintiff, all of this constituted a multi-jurisdictional conspiracy from March 8, 2012, to February 26, 2016, to falsely arrest Plaintiff in Alachua County, Florida, Highlands County, Florida, Hall County, Georgia, Henry County, Georgia, Savannah, Georgia, and Concord, North Carolina. Plaintiff also says that all those charges were either dismissed in Plaintiff's favor or never filed. *Id.* at 14–23.

Plaintiff alleges that all of this conduct violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. As relief, he requests compensatory damages of $8,000,000 against each Defendant and punitive damages of $100,000,000 against each Defendant. *Id.* at 4–24.

The problem with Plaintiff's claims is that they are time-barred. A

federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188 (citing *Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988)).  Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law.  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*

   In this case, it is apparent from the face of the second amended complaint that Plaintiff's claims are time-barred because the alleged unconstitutional acts all occurred in 2012 and Plaintiff knew of or had reason to know of his injury at that time—more than four years before Plaintiff filed his complaint in October 2017.  *See Bloom v. Alvereze*, 498 F. App'x 867, 875–76 (11th Cir. 2012) (unlawful detention claim accrues at the time of arraignment; conspiracy claim accrues when the plaintiff suffers

damages pursuant to conspiracy); *Hayward v. Lee Cty. Sheriff's Office*, No. 2:14-cv-244-FtM-29MRM, 2017 WL 2834771, at *3–*4 (M.D. Fla. June 30, 2017) (false arrest claim accrues at time of arraignment; illegal search and seizure claims accrue at time illegal search and seizure occur; civil conspiracy claim accrues at time of injury to plaintiff).

Plaintiff attempts to argue that his claims are not time-barred because the statute of limitations period for his claims should have been tolled. More specifically, he says the following:

> [T]he statute of limitations, as it relates to the illegal actions taken by law enforcement as detailed in this complaint, should be tolled until 12/16/15 since he neither knew or had reason to know of possible constitutional violations until court testimony given by Defendant Frantz on said date. During this testimony, Defendant Frantz inadvertently gave testimony that, taken as true, implicated himself and other Defendants in a number of illegal acts that include tampering with evidence, perjury, filing false police reports, and other official misconduct. As such, the named Defendants, through multiple deceptions of the court, managed to fraudulently conceal their illegal actions with impunity until said testimony by Defendant Frantz. Further, since the Plaintiff has been incarcerated since 3/8/12, he was unable to investigate his suspicions and determine what constitutional injuries, if any, he had suffered until he was physically able to access a law library on 4/12/16, thereby extending the tolling period further.

ECF No. 24 at 23.

Plaintiff's allegations fail to provide a sufficient reason to toll the statute of limitations in this case. To the extent Plaintiff argues that he was

unable to know of the alleged conspiracy based on Defendants' concealment of the misconduct and falsified reports, Plaintiff should have known that he had claims at the time of his allegedly false arrest and the allegedly illegal searches and seizures. *See Hayward*, 2017 WL 2834771, at *6 ("The Court finds that regardless of any alleged falsified documents, plaintiff should have known that he had claims at the time the defendants searched and seized him and his vehicle. False document would not have concealed the facts as they existed at the time of his search and seizure . . . .").

Second, to the extent Plaintiff suggests the limitations period should be tolled due to his imprisonment and ignorance of the law, "[n]either [Plaintiff's] ignorance of the law nor his *pro se* status constitute 'extraordinary circumstances' sufficient to toll the running of the statute of limitations." *Rice v. Sixteen Unknown Fed. Agents*, 658 F. App'x 959, 962 (11th Cir. 2016). Accordingly, Plaintiff's claims are time-barred.

Alternatively, even if all of Plaintiff's claims were not time-barred, they would likely be *Heck*-barred. Under *Heck v. Humphrey,* state prisoners are barred from pursuing § 1983 actions that, if successful, would necessarily imply the invalidity of a plaintiff's conviction. 512 U.S. 477, 477 (1994). In considering whether a § 1983 claim is *Heck*-barred, the Court must

determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646–48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] convictions having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff alleges that there was a multi-jurisdictional conspiracy to falsely arrest him in multiple counties in Florida, Georgia, and North Carolina, but that all charges in those areas were either dismissed in his favor or never filed. Yet a review of the Florida Department of Corrections' inmate database reveals that Plaintiff is currently incarcerated based on 2016 convictions from Volusia County, Florida for a series of burglaries and grand theft that occurred between 2008 and 2012. Further, a review of Plaintiff's Alachua County, Florida court records reveals that Plaintiff had multiple criminal cases in 2012, one of which was for grand theft and was closed when no information was filed because Plaintiff was being prosecuted in another jurisdiction. *See State of Fla. v. Sanders*, No. 01-2012-CF-001768-A (Alachua Cty. Court Nov. 15, 2012).

Thus, a cursory review of Plaintiff's state-court records shows that Plaintiff's allegations regarding his false arrest, illegal searches and

seizures, fabrication of evidence and reports, and other police misconduct during the alleged multi-jurisdictional conspiracy would likely undermine the validity of his Volusia County convictions for burglary and grand theft. As a result, Plaintiff's claims would likely be *Heck*-barred.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's amended complaint, ECF No. 24, should be **DISMISSED**, and the case should be **CLOSED.**

**IN CHAMBERS** this 29th day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**